**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**DEBORAH HEUSINGER,**

                              **Plaintiff,**

**v.**                                             **21-CV-147 JLS(Sr)**

**CATHOLIC HEALTH HOME AND**
**COMMUNITY BASED CARE**

                              **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. John L. Sinatra, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

Plaintiff commenced 19-CV-1398 pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 _et seq_., the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 _et seq_., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 _et seq_., alleging that she was employed by the defendant as a registered nurse for more than 7 years, is over the age of 40, has a disability, and took medical leave as a reasonable accommodation to treat her disability. 19-CV-1398 at Dkt. #1. Subsequent to her medical leave, plaintiff alleged that she was terminated from her supervisory position while younger individuals who plaintiff complained were insubordinate were not disciplined in any way. 19-CV-1398 at Dkt. #1.

By Decision and Order entered October 8, 2020, Judge Sinatra adopted this Court's Report, Recommendation and Order ("R&R"), and dismissed plaintiff's complaint with prejudice. 19-CV-1398 at Dkt. #21. The R&R determined that plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), within 300 days of any of the defendant's allegedly discriminatory or retaliatory actions as required to proceed with her ADEA and ADA claims and that plaintiff failed to plausibly allege that her employer was subject to the FMLA or that she worked the requisite number of hours to be entitled to leave under the FMLA or that her disability qualified as a serious health condition that rendered her unable to perform her work or that she was terminated under circumstances giving rise to an inference of retaliatory intent as required to proceed with her FMLA retaliation claim. 19-CV-1398 at Dkt. #13. Plaintiff objected to the R&R and requested leave to amend her complaint, but Judge Sinatra denied that request and dismissed the complaint with prejudice because plaintiff failed to "show how she would - or if she could- amend her complaint" to cure its defects. 19-CV-1398 at Dkt. #21. By Text Order dated November 10, 2020, Judge Sinatra denied plaintiff's motion for reconsideration because plaintiff offered nothing to demonstrate that she could assert plausible claims for relief. Dkt. #26.

On December 24, 2020, plaintiff commenced this action in New York State Supreme Court, County of Erie, alleging discrimination on the basis of age and disability, as well as retaliation, in violation of the FMLA and the New York Human Rights Law (N.Y. Executive Law § 296 (1)(a) ("NYHRL"), based on the same general facts, albeit with additional specificity, as the 19-CV-1398 complaint. Dkt. #1-3.

-2-

Defendant removed the action to this court pursuant to 28 U.S.C. § 1441(a) (federal question jurisdiction), and moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in light of the Court's dismissal with prejudice of 19-CV-1398. Defendant argues that the complaint is barred by the doctrine of *res judicata*. Dkt. #5-1, pp.14-19. Defendant alternatively argues that plaintiff has failed to plausibly allege sufficient facts to support her common law claims. Dkt. #5-1, pp.19-26.

Plaintiff responds by withdrawing her FMLA cause of action, which she argues divests this court of jurisdiction and warrants return of her complaint to state court. Dkt. #11, p.2. Plaintiff notes that her state law claims are subject to a three-year statute of limitations and should not be subject to claim preclusion. Dkt. #11, pp.2 & 6-7. Plaintiff argues that she has sufficiently plead her claims. Dkt. #11, pp.7-19.

Defendant replies that because her NYHRL claims were available in her initial action, which was dismissed on the merits with prejudice, plaintiff is precluded from litigating them in this action. Dkt. #12, pp.6-9. Alternatively, defendant requests that the Court retain jurisdiction of the state law claims and dismiss them pursuant to Rule 12(b)(6) for failure to plausibly allege that her age or disability was the but for cause of her termination or that her termination was related to her use of medical leave. Dkt. #12, pp.9-13.

Although she requests to withdraw her FMLA cause of action, plaintiff has not complied with the requirements of Rule 41(a) of the Federal Rules of Civil

Procedure to dismiss the action voluntarily. *See Struggs v. City of N.Y.*, 146 F. Supp.3d 461, 464 (2015) (Plaintiff's notice of voluntary dismissal effected immediate dismissal of his federal claims and remand of his state law claims, which were identical to Title VII and state law claims that the court previously dismissed). Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2).

"The policies underlying *res judicata* reflect the sensible goal that where possible all related claims be resolved in one proceeding." *Epperson v. Entertainment Express, Inc*., 242 F.3d 100, 109 (2d Cir. 2001). As a result, a party cannot avoid the preclusive effect of *res judicata* by asserting a new legal theory or a different remedy. *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). To the contrary, a final judgment on the merits precludes the parties from relitigating issues that were, or could have been, raised in that action. *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013).

Application of the doctrine of *res judicata,* otherwise known as claim preclusion, requires a determination that: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Monahan v. New York City Dep't of Corrs*., 214 F.3d 275, 285 (2d Cir. 2000). To determine whether two actions involve the same claims, the court employs a transactional test, examining whether the later claims arise from the same "nucleus of

operative fact" as the earlier ones. *Interoceanica Corp. v. Sound Pilots, Inc*., 107 F.3d 86, 90 (2d Cir. 1997). "*Res judicata* challenges may properly be raised *via* a motion to dismiss for failure to state a claim under rule 12(b)(6)." *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994).

Plaintiff's FMLA retaliation claim in this action is based upon the same facts as the FMLA retaliation claim in 19-CV-938 that was dismissed with prejudice. Accordingly, it is recommended that the federal cause of action currently before the Court be dismissed with prejudice pursuant to the doctrine of *res judicata*. *See, e.g., Corley v. Farrell*, 18-CV-0763, 2018 WL 10373028, at *2 (S.D.N.Y. May 9, 2018) (dismissing complaint under the doctrine of *res judicata* where plaintiff sought to reassert same FMLA and state law claims that had been dismissed as time-barred in the prior action), *aff'd,* 833 Fed. App'x 908, 909 (2d Cir. 2021).

Plaintiff's NYHRL claims are also based upon the same facts as the ADEA and ADA claims that were dismissed in 19-CV-938 as time-barred for failure to file a charge of discrimination with the EEOC. Unlike plaintiff's ADEA and ADA claims, however, the NYHRL provides a three-year statute of limitations and does not require plaintiff to file an administrative charge before commencing suit. *Allen v. New York City Dept. of Env. Prot.*, 51 F. Supp.3d 504, 511 (S.D.N.Y. 2014).

In *Fitzgerald v. Alleghany Corp.,* the district court was presented with a complaint which had been removed from state court based upon diversity jurisdiction

that asserted violations of state law grounded on the same facts that had been alleged in an ADA cause of action that had been dismissed with prejudice for failure to file a timely charge of discrimination with the EEOC. 882 F. Supp.1433, 1434 (S.D.N.Y. 1995). Plaintiff argued that the dismissal with prejudice of the federal claim had no preclusive effect on state law claims. *Id.* at 1435. While recognizing that *res judicata* bars all claims that could have been asserted in the prior action, the district court noted that federal courts are not obligated to exercise supplemental jurisdiction over state claims and that a dismissal for failure to exercise supplemental jurisdiction has no preclusive effect because it is not on the merits. *Id.* at 1435-36. More specifically, the district court explained that

> The issue as to the status of unasserted State claims following disposition of federal claims arising out of the same facts usually comes up in circumstances in which the initial court . . . never has any occasion to decide whether subsequent assertion of the State claim should be permitted or foreclosed. The federal claim simply is litigated and decided with no mention at all of the unasserted State claim. In such situations, it may be appropriate to hold that the State claim is barred in order to provide an incentive to join all claims in a single action, particularly because the lack of any discussion by the initial court as to whether to entertain the State claim on its merits is attributable to the plaintiff.

*Id.* at 1437. However, the district court held that dismissal with prejudice of the ADA claim did not bar the subsequent suit asserting state law claims because: (1) the judge in the prior action had dismissed the federal claim with the clear expectation that the state law claim would be pursued in state court; and (2) there was no basis for supposing that the district judge would have decided any state claims on the merits once it became clear that the federal claim could not withstand a 12(b)(6) motion. *Id.* at 1437-38.

As in *Fitzgerald*, there is no basis to believe that had plaintiff included her common law claims in her original complaint, the district court would have done anything other than decline to exercise pendent jurisdiction and dismiss them without prejudice to filing in state court. *See, e.g., Marcus v. AT&T Corp*., 138 F.3d 46, 57 (2d Cir. 1998). In contrast to *Fitzgerald*, however, this is not a case where the district court possesses diversity jurisdiction over the common law claims. *See also, Quinones v. Aecom/Hunt Constr*., 17-CV-7508, 2018 WL 1725690 (E.D.N.Y. Feb. 5, 2018) (applying *res judicata* to common law claims that had been dismissed without prejudice after the district court declined to exercise supplemental jurisdiction because plaintiff could have, but did not, plead diversity jurisdiction in the original action). Had plaintiff simply refrained from asserting in her state court complaint a federal claim that had already been dismissed with prejudice, defendant would have had no grounds for removal of this complaint to the district court. Despite plaintiff's error, it is recommended that plaintiff's common law claims be addressed in state court.

## **CONCLUSION**

For the foregoing reasons, it is recommended that defendant's motion to dismiss (Dkt. #5), be granted with prejudice with respect to plaintiff's FMLA claim and that the district court decline to exercise supplemental jurisdiction over plaintiff's common law claims, which should be remanded to state court.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985);  *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

-8-

The Clerk is hereby directed to send a copy of this Report,

Recommendation and Order to the attorneys for the parties.


**SO ORDERED.**


DATED:       Buffalo, New York
             May 7, 2021

                                        s/ H. Kenneth Schroeder, Jr.
                                     **H. KENNETH SCHROEDER, JR.**
                                     **United States Magistrate Judge**