UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH HEUSINGER,

                Plaintiff,

v.                                              21-cv-147 (JLS) (HKS)

CATHOLIC HEALTH HOME AND
COMMUNITY BASED CARE,[1]

                Defendant.
_____


## DECISION AND ORDER

Plaintiff Deborah Heusinger commenced this case in New York State Supreme Court, Erie County, against Defendant Catholic Health Home and Community Based Care, raising claims under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and the New York Human Rights Law ("NYHRL"), N.Y. Executive Law § 296(1)(a). The case was removed to this Court by Defendant's Notice of Removal on January 26, 2021. Dkt. 1.

After filing its Notice of Removal, Defendant filed a Motion to Dismiss on February 2, 2021. Dkt. 5. On the same day, the Court referred this case to United States Magistrate Judge Schroeder for all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 6. Pursuant to the referral order, Judge Schroeder was

---

[1] Defendant notes that it is incorrectly named as "Catholic Health Home and Community Based Care," and should instead be referred to as "Niagara Homemaker Services, Inc. d/b/a Mercy Home Care."

to hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). *Id.* On May 7, 2021, Judge Schroeder issued a Report and Recommendation ("R&R"), which recommended dismissing Plaintiff's FMLA claim with prejudice, and declining jurisdiction over Plaintiff's NYHRL claim and remanding it to state court. Dkt. 13.

Defendant objects to Judge Schroeder's R&R to the extent it recommends declining jurisdiction over the NYHRL claim and remanding it to state court. *See, generally*, Dkts. 14 & 17. Defendant asserts that Plaintiff's NYHRL claim will be subject to *res judicata* in state court,[2] and that, in the interest of judicial economy, the Court should exercise supplemental jurisdiction and dismiss it now along with the FMLA claim. Plaintiff filed her Response to Defendant's Objection on June 4, 2021. Dkt. 16. Defendant filed its Reply a week later. Dkt. 17.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[2] Plaintiff brought claims under the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, and the FMLA based on the same set of facts as this case. *See Heusinger v. Catholic Health and Community Based Care*, 19-CV-1398, Dkt. 1 (W.D.N.Y. Oct. 16, 2019). This Court adopted Judge Schroeder's Report and Recommendation to dismiss those claims with prejudice. *See Id.* at Dkt. 21.

2

The Court carefully reviewed the R&R and the relevant record. Based on that *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation to grant Defendant's Motion to Dismiss with respect to Plaintiff's FMLA claim, and to remand Plaintiff's NYHRL claim. In doing so, the Court notes that it has discretion to decide whether to exercise jurisdiction over supplemental state law claims, and that factors of "judicial economy, convenience, fairness, and comity" generally warrant declining the exercise of jurisdiction over such state law claims when the underlying federal law claims are resolved sufficiently early in the case. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Henderson v. Town of Greenwood*, 2020 WL 7213001 at *2 (W.D. La Dec. 7, 2020). The Court further notes that in removed cases, it has wide discretion to remand the case after declining to exercise jurisdiction, which will generally be favored unless the plaintiff has "engaged in an improper attempt to manipulate the forum." *Robbins v. City of New York*, 254 F. Supp. 3d 434, 439 (E.D.N.Y. 2017); *see also Carnegie-Mellon*, 484 U.S. at 358.

The Court finds no reason why it should exercise jurisdiction over Plaintiff's NYHRL claim. Nor does it find any reason why such claim should not be remanded to state court. Accordingly, the Court accepts Judge Schroeder's recommendation.

For the reasons stated above, and in the R&R, Plaintiff's FMLA claim is DISMISSED with prejudice, and her NYHRL claim is REMANDED to New York State Supreme Court, Erie County. The Clerk of Court shall close this case.

SO ORDERED.

Dated:   August 13, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE